UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

FAMILY WORSHIP CENTER
PENTECOSTAL CHURCH OF HOLINESS, INC.,
RICHARD EICHELBERGER,
JIMMY LEE TURNAGE,

        Plaintiffs,

UNITED HEALTHCARE OF WISCONSIN INC.,
MILWAUKEE COUNTY DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

        Involuntary Plaintiffs,

        v.                          Case No. 09-C-0094

JEANINE SEE,
SHAWN HUMITZ,
CITY OF MILWAUKEE,

        Defendants.

---

ORDER DENYING MOTION IN LIMINE REGARDING TESTIMONY
AND REPORT OF JOSE ALBA (DOC. 64) AND MOTION IN LIMINE REGARDING
DISCIPLINE AND OTHER INCIDENTS INVOLVING DEFENDANTS (DOC. 62)

Plaintiffs move for exclusion of the expert report and testimony of Jose Alba, named by defendants to provide his opinion that the defendant officers' use of force was reasonable and consistent with their training. They cite Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702 and 403 in support of their motion and focus their challenge on the reliability of Alba's report and testimony. Alba was the lead instructor at the Milwaukee Police Training Academy relative to "Defensive and Arrest Tactics" at the time defendants were identifying their expert witnesses. (Doc. 80 ¶ 7; *see* Doc. 87 ¶ 2.)

Federal Rule of Civil Procedure 26(a)(2)(B) requires that an expert report be "prepared and signed by the witness." According to the 1993 advisory committee notes, this rule

> does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

However, the expert must substantially participate in the preparation of the report. *Manning v. Crockett*, No. 95 C 3117, 1999 WL 342715, *3 (N.D. Ill. May 18, 1999). "Allowing an expert to sign a report drafted entirely by counsel without prior substantive input from an expert would read the word 'prepared' completely out of the rule. *Id.* Here, plaintiffs contend that Alba's report fails to meet the "prepared" requirement of Rule 26 because defense counsel drafted the report and Alba merely signed it after making minor changes.

At deposition, Alba testified that he and defense counsel, Susan Lappen, met to discuss his opinion and Lappen asked him questions regarding training, defense and arrest tactics, use of the baton and personal weapons, punches, and kicks. (Doc. 63 Ex. 3 at 38.) Based on that discussion, Lappen wrote a draft expert report letter. (*Id.* at 40.) Alba edited the draft and sent it back to Lappen and then signed the edited version. (*See id.* at 40.) He stated at deposition that although Lappen wrote the letter, he read it, reviewed it for accuracy, and signed it, and "all of these paragraphs were, and findings were due to our meetings and her asking me what my opinions were relative to these topics." (*Id.* at 43, 45.) However, he admitted that he did not tell counsel what facts to put in the letter;

2

instead, "[s]he put them in there and I read it and we agreed to it." (*Id.* at 54-55.) In addition, Alba could not recall what police reports he had read before giving his opinion, suggesting that he relied on counsel's understanding of the facts.

Defense counsel's affidavit indicates that she prepared the expert witness opinion letter because Alba did not have secretarial support. She states that she engaged in several discussions with Alba concerning MPD training regarding defensive and arrest tactics and how they applied to Humitz's description of the events; then, using notes from those discussions and the transcript of the testimony Alba provided in Humitz's criminal court trial (Alba testified on behalf of Officer Humitz), she generated the initial draft report. (Doc. 80 ¶¶ 11-15.)

In light of the foregoing matters, the court finds that Alba's report comports with Rule 26(a)(2)(B). Even though the report was prepared physically by defense counsel and her input was more than mere dictation, the court is persuaded that the final, signed copy reflects Alba's opinions and the facts upon which he relied. This is not a case in which the expert provided little to no substantive input before the report was written. Instead, the report was drafted after discussions between Alba and defense counsel at which Alba conveyed his opinions, and subsequent to Alba's testimony in Humitz's criminal trial, before Attorney Lappen ever contacted Alba to be an expert witness. Even though Alba was vague at his deposition regarding what documents he reviewed before rendering his opinions and the edits he made, his failure of memory does not mean he did not substantially participate in generating the opinions in his expert report letter.

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training or education may provide an opinion if

3

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Plaintiffs argue under subsection (a) that Alba's opinion will not help the trier of fact to understand the evidence or determine a fact at issue because Alba merely regurgitates the defendant officers' view of the facts, citing *Gregory v. Oliver*, No.00 C 5984, 2002 WL 31972165, *3 (N.D. Ill. Dec. 27, 2002). Moreover, plaintiffs contend that Alba accepted Officer Humitz's version of the facts and did no investigation of his own. However, an expert is permitted to assume facts and provide an opinion based on those facts. Experts do not necessarily have to conduct their own investigations; they can even accept as facts matters stated in hypotheticals. The present situation is little different than a hypothetical. Alba is not telling the jury which facts to believe or testifying as to Humitz's credibility. Instead, he has assumed the facts as Humitz states are true and given an opinion on that version of the facts. As defense counsel explains, Alba is not presented as an expert who has analyzed all of the witness statements and would present an understanding of all of the underlying facts. Instead, Alba will testify as to Milwaukee Police Department training concepts and whether Humitz's description of the events and reasoning behind his use of force were reasonable in light of those training concepts. If the jury disbelieves Humitz's version of the facts, Alba's opinion loses weight, but that does not mean the opinion must be barred.

Next, plaintiffs argue under subsection (b) and (c) that Alba's opinion is not based on sufficient facts or data or methodology. Again, plaintiffs point out that Alba did no

4

investigation on his own; thus he did not use any methodology to determine whether what he had been told was true and whether what he was being told complied with training. (*See* Doc. 65 at 15.) Further, say plaintiffs, Alba admitted he did not know how Officer Kresa "manhandled" James Jones so he could not evaluate the totality of the circumstances in the church.

At this point the court cannot say that Alba's failure to have known about *Officer Kresa's* conduct makes his opinions regarding *Officer Humitz's* conduct unreliable. And, as stated before, an expert does not always have to investigate facts to determine what he believes to be the truth; if the truth turns out to be different from what the expert was told to assume, the jury can disregard the expert testimony.

Next, plaintiffs contend that Alba's report is unreliable because it fails to cite the basis for his opinions—his opinion letter lacks any reference to the material he relied upon in forming his opinions and reflects improper subjective belief or unsupported speculation rather than methods and procedures of science. At deposition Alba testified that he used the Defense and Arrest Tactics Manual to help him form his opinion. But his report lacks any mention of the manual, and he later admitted at deposition that he did not review the manual and rely on it regarding his report. (Doc. 63 at 63.) Further, Alba acknowledged at deposition that he did not review Officer Humitz's training records at the academy, again demonstrating a lack of use of reliable principles or methodology.

The court disagrees, because scientific methodology and principles as usually understood are not relevant to Alba's testimony. He is not an expert who runs tests or evaluates data gathered through investigation. Alba's testimony is based on comparison: he compares Humitz's actions to what Alba has or what he knows is taught at the police

5

academy. The reliable methodology and principles are those relating to comparison, and the court finds that Alba has applied such a comparison sufficiently.

Moreover, as Alba explains in his affidavit, the lack of specific reference or citations to the manual does not mean his opinion was not based on the manual's principles. Although Alba did not physically page through the manual when preparing his expert report letter, he has been a trainer on this subject for more than ten years and many of the concepts and training principles in the manual are now part of his general knowledge. (Doc. 87 ¶¶ 22-24.) In other words, he does not need to reread or reference specific provisions in the manual because he knows them so well. The court finds this explanation sufficient.

Lastly, plaintiffs contend that Alba's testimony is inadmissible under Fed. R. Evid. 403 because its probative value is substantially outweighed by a danger of unfair prejudice. In plaintiffs' view, Alba based his opinion on an inaccurate and incomplete understanding of the underlying facts and not a thorough analysis of the underlying facts. They submit that Alba simply "reviewed and relied on materials from defense counsel, failed to conduct any independent investigation, and signed onto an opinion created by defense counsel." (Doc. 65 at 19.)

As stated above, assuming facts given by defense counsel, providing comparative testimony rather than independent investigation, and signing an opinion that may have been drafted by counsel but based on opinions relayed verbally to counsel by the expert does not render Alba's opinion unreliable or inadmissible. And the court sees no danger of unfair prejudice that warrants application of Rule 403. Therefore,

IT IS ORDERED that plaintiffs' motion in limine seeking to exclude testimony of Jose Alba (Doc. 64) is denied.

And, because nothing in defendants' reply brief (Doc. 89) persuades the court to adjust its preliminary rulings,

IT IS FURTHER ORDERED that defendants' motion in limine to exclude evidence regarding complaints made against the defendant officers, disciplinary actions taken against them or Kresa, or any other incident involving their participation in effecting an arrest or use of force (Doc. 62 part 1) is denied.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE